## Falcon Engineering Company, Appellee, v. W. M. Wright, Appellant

### Gen. No. 17,013.

1. DISMISSAL AND NONSUIT—*when order correcting judgment in nonsuit is not bar to action.* Where an order reciting that a plaintiff elects to take a nonsuit enters a judgment which seems to determine the merits of the case in favor of the defendant and is corrected by an order to show no such determination, the latter order is not a bar to a subsequent action between the same parties.

2. AUTOMOBILES—*repairs.* The owner of an automobile, being sued for repairs, claimed the company was to make repairs for

three years. He also claimed that a chauffeur, whose negligence caused repairs to be made and who was furnished by the company at the expense of the owner, was an employe of the company. *Held*, a verdict for the company would not be disturbed as against the manifest weight of the evidence.

3. CONTRACTS—*when letter containing self-serving declarations is admissible.* Where a letter addressed by the president of a company, suing for repairs made to an automobile, to his stenographer is shown to the owner, and the president and stenographer do not agree as to its contents but both testify that it was discussed between themselves, it is not reversible error to admit the letter to show the authority of the stenographer to make a collection, even though it contains a self-serving statement as to how much the owner owed.

4. INTEREST—*when error for judge to fix date of computation.* Where a verdict is returned assessing damages for a certain amount and interest at five per cent., the court has no authority to arbitrarily fix the date at which interest should be computed.

5. INTEREST—*when allowance is debatable.* Whether on a verdict in favor of a company suing to recover for repairs made to an automobile interest should have been allowed is a debatable question.

6. APPEAL AND ERROR—*when judgment in excess of verdict is cured.* The entering by the court of a judgment in excess of the amount fixed by a verdict is an error that may be cured by a *remittitur* and is not ground for reversal.

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed on *remittitur*. Opinion filed July 9, 1912. Rehearing denied July 23, 1912. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL B. KING, for appellant.

OTTO G. RYDEN, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the Falcon Engineering Company, the appellee, against W. M. Wright, the appellant, for the recovery of money claimed to be due for work performed and material furnished in the repairing of an automobile and for new parts and supplies furnished for the same during the latter part of the

year 1908 and the month of January, 1909. A trial was had before the court and a jury, and the jury rendered a verdict as follows:

"We, the jury, find the issues for the plaintiff, and assess the plaintiff's damages at the sum of Fourteen Hundred and Seventeen Dollars and Eighty Cents, and interest at Five (5) per cent."

The court overruled a motion for a new trial, computed the interest on the amount of the verdict from the date the last statement was rendered by the appellee to appellant, and added the same, $86.58, and thereupon entered judgment in the sum of $1,504.38.

It is first insisted by the appellant that the judgment should be reversed because there had been a previous trial of the case and a judgment rendered in favor of the appellant. It seems that on December 30, 1909, after a partial trial of the case, the plaintiff (appellee) elected to take a nonsuit, the clerk entering the judgment incorrectly. On June 20th following, by order of court, the record was changed. This order has been the subject of a previous appeal by the appellant in this proceeding, and has been held to have been properly entered, in an opinion filed this day in this court in case known as No. 16978. The order referred to is not a bar to the suit now before us.

It is next insisted that the verdict is against the manifest weight of the evidence. It is urged in this regard that the appellant bought the automobile from the appellee, with a contract on the part of the appellee to keep the same in repair for a period of three years; that a large part of the account upon which the verdict was rendered in this case was for repairs which should have been made by the appellee in pursuance of this contract. The record shows that the appellant did purchase the car from the appellee, paying therefor the sum of $2,500. There is a dispute between the witnesses as to whether or not appellee agreed for this amount to keep the car in repair for three years as stated. We have carefully considered

the evidence in the case, and are unable to say that it preponderates in favor of the appellant in this matter. After the car was purchased from appellee by the appellant, a man was furnished by the former to the latter to run the car, but at the expense of appellant. It is charged that a large portion of the repairs on the car became necessary because of an accident caused by the negligence of this person, Berglund, in the operation of the car, and the appellant insists that at the time he was so operating the car he was an employe of the appellee. The jury found to the contrary, however. We have carefully considered the evidence in this regard also, and are unable to say that the conclusion reached by the jury was erroneous.

Complaint is made that the court erred in admitting in evidence what purported to be the contents of a letter addressed by John M. Larson, the president of appellee, to his stenographer. The stenographer testified that she showed the letter to the appellant, and in his testimony he admitted that a letter was shown him. As to the contents of the letter, however, the stenographer and appellant do not agree, but that a letter was a matter of discussion between them is testified to by both. The letter was admitted, as announced by the court, for the purpose of showing the authority of the stenographer to make the collection from the appellant. While a portion of it might be said to be of a self-serving character, we do not think that the action of the court in admitting it should cause a reversal of the judgment. In the letter testified by the stenographer as having been received by her, Larson was said to have stated that the appellant owed appellee considerably more than $225, and it is this portion of the letter to which appellant most strenuously objects. While this statement in the letter did not prove or tend to prove that an indebtedness existed between the parties at the time it was written, the letter, as heretofore stated, was not introduced for that purpose.

Whether or not interest should have been allowed is, in our opinion, a debatable question. (Dady v. Condit, 209 Ill. 488.) In any event, we do not think the court was authorized in arbitrarily fixing the date at which interest should be computed. The verdict is unlike that in the case of Meyer v. Johnson, 122 Ill. App. 87, where the jury by its verdict fixed the date. It is urged that the action of the court in entering the judgment in excess of the amount fixed by the jury is sufficient ground for reversal. We think, however, that the error may be cured by the entry of a *remittitur*.

We find no error in the record with respect to the admission or rejection of testimony, or in the oral charge of the court to the jury, which, in our opinion, should cause a reversal of the case.

The order of the court will be that if the appellee enters in this court within ten days a *remittitur* of $86.58 the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded. The costs of this court will be taxed to the appellee.

*Judgment affirmed on remittitur; otherwise reversed. Remittitur filed and judgment affirmed July 9, 1912.*

MR. JUSTICE BARNES took no part in the consideration of this case.